IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. TERRANCE L. BROWN

**Appeal from the Criminal Court for Shelby County**
**No. 97-02978      Chris Craft, Judge**

_____

**No. W2018-00584-CCA-R3-CD**

_____

The Appellant, Terrance L. Brown, is appealing the trial court's denial of his motion to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant Rule 20 of the Rules of the Court of Criminal Appeals. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

J. ROSS DYER, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ. joined.

Terrance L. Brown, *pro se*.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

In 1998, the Appellant pled guilty to first degree murder and especially aggravated robbery. He was sentenced to life and twenty years respectively, to be served consecutively. In March 2018, the Appellant filed a motion to correct an illegal sentence. *See* Tenn. R. Crim. P. 36.1. The trial court summarily dismissed the motion. The Appellant has appealed. Following the filing of the record on appeal and the Appellant's brief, the State filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, said motion is hereby granted.

In the motion he filed in the trial court, the Appellant argued his sentence is illegal because the trial court misapplied facts when it imposed consecutive sentencing in violation of *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007). He also claimed his guilty

plea was not voluntary and that he did not receive proper jail credits.  The trial court found the motion to be without merit and thus denied relief to the Appellant.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time.  *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015).  "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute."  Tenn. R. Crim. P. 36.1(a).  Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context."  *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015).  The court then reviewed the three categories of sentencing errors:  clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void).  *Id.*  Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence."  *Id.*  In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses."  *Id.*  The court held that only fatal errors render sentences illegal.  *Id.*  A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief.  Tenn. R. Crim. P. 36.1(b)(2).

The trial court did not err in summarily dismissing the Appellant's motion.  Rule 36.1 does not provide an avenue of relief for a *Gomez* claim or a challenge to the voluntariness of a guilty plea.  *State v. James Ronald Rollins*, No. E2016-00186-CCA-R3-CD, 2016 WL 5920752 at *3 (Tenn. Crim. App. Oct. 11, 2016), *perm. to app. denied* (Tenn. Jan. 19, 2017).  Similarly, a failure to award pretrial jail credits does not establish a colorable claim for relief under the terms of Rule 36.1.  *Brown*, 479 S.W.3d at 212-13.

Accordingly, the ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
J. Ross Dyer, Judge